IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DION'E KAEO-TOMASELLI, #A5004463, | ) ) | CIV. NO. 11-00764 LEK-BMK |
| | ) | |
| Plaintiff, | ) ) | ORDER DISMISSING COMPLAINT WITH LEAVE GRANTED TO AMEND |
| vs. | ) ) | |
| MARK PATTERSON, HALAKI ANCHETA, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

### ORDER DISMISSING COMPLAINT WITH LEAVE GRANTED TO AMEND

Before the court is *pro se* Plaintiff Dion'e Kaeo-Tomaselli's ("Plaintiff") prisoner civil rights complaint brought pursuant to 42 U.S.C. § 1983.[1]  Plaintiff is incarcerated at the Women's Community Correctional Center ("WCCC").  Plaintiff names WCCC Warden Mark Patterson ("Patterson"), in his official capacity and WCCC volunteer hula teacher, Halaki Ancheta ("Ancheta"), in her individual capacity, alleging that they violated her constitutional right to privacy when they divulged her confidential medical information.

The Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1), for failure to state a claim. Because it is possible that Plaintiff can cure the Complaint's deficiencies as set forth below, she is granted leave to amend her claims.

---

[1] Plaintiff is proceeding *in forma pauperis*.  *See* ECF #[9].

# I. **STATUTORY SCREENING**

The court must screen all civil actions brought by prisoners that relate to prison conditions and/or seek redress from a governmental entity, officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if its claims are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint may be dismissed for failure to state a claim for (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, ----, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 1951.

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defects of his or her complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III. DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory

right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 129 S. Ct. 2431 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

## A.   Plaintiff's Claims

In Count I, Plaintiff claims that Patterson violated her right to privacy when he told his personal friend and WCCC volunteer hula teacher, Ancheta, that Plaintiff was dying of AIDS.  In Count II, Plaintiff claims that, sometime between November 3, 2009, and December 21, 2009, Ancheta repeated this information to several inmates attending her hula class. Plaintiff alleges Defendants violated the Eighth Amendment by divulging her private medical information.

Plaintiff raised identical claims against Patterson and Ancheta in *Kaeo-Tomaselli v. Women's Community Corr. Ctr.*, 1:11-cv-00669-SOM-RLP.  In that action, Plaintiff was notified that her claim against Patterson was cognizable and could proceed, once she amended the complaint to properly name him in the caption.  *See* 1:11-cv-00669-SOM-RLP, ECF #6 at 5-6, 11. Plaintiff was informed that, because she failed to allege or show how Ancheta, a volunteer hula teacher at the prison, was acting under color of state law, her claims against Ancheta failed to state a claim.  *Id.* at 9.  Plaintiff was granted leave to amend the complaint and did so.  *Id.*, ECF #7.  Plaintiff's amended

complaint did not include her claims against Patterson and Ancheta, however.  Instead, Plaintiff chose to commence a separate action against them.

**B.   Plaintiff's Right to Privacy in her Medical Information**

The Supreme Court recognizes a constitutional right to privacy regarding "the individual interest in avoiding disclosure of personal matters."  *Whalen v. Roe*, 429 U.S. 589, 599 (1977). In *Whalen*, the Court did not define the boundaries of this right, or hold that there is a constitutional right to privacy for medical records, however.  Rather, it held that, insofar as there *is* such a right, it was not impacted by a New York law requiring physicians to disclose identifying information for individuals prescribed certain controlled substances.  *Id*. at 605.  The Supreme Court's most recent discussion on the issue, *NASA v. Nelson*, --- U.S. ----, 131 S. Ct. 746 (2011), explicitly "assume[d], without deciding" that the Constitution protects such a right, but expressly declined to consider its extent.  *Id*. at 751.  The Court noted that it had announced that such a right existed in *Whalen*, but had said virtually nothing on the matter in the more than 30 years since.  *See id.* at 751, 756 (citing *Whalen*, 429 U.S. at 599-600 (1977), and *Nixon v. Admin. of Gen. Servs.*, 433 U.S. 425, 457 (1977)).  Declining to articulate the scope of such a right, the Court ruled that the plaintiffs'

claims for invasion of privacy failed on other grounds.[2]  *Id.* at

762-64.

Courts have generally found that prisoners' rights to

informational privacy in their medical records, if any, arise

under the Fourteenth Amendment.  *See Seaton v. Mayberg*, 610 F.3d

530, 537-39 (9th Cir. 2010) *cert. denied*, --- U.S. ----, 131 S.

Ct. 1534 (2011) (recognizing an inmate's *limited* right to

informational privacy of medical records under the Fourteenth

rather than the Fourth Amendment); *see also Birks v. Terhune*, 398

Fed. App'x 308, 309 (9th Cir. 2010) (affirming dismissal of

prisoner's claim that a prison official breached a duty of

medical confidentiality, stating "prisoner's privacy interest in

medical treatment information yields to prisons' interest in

maintaining security") (citing *Seaton*, 610 F.3d at 534-35);

*Powell v. Schriver*, 175 F.3d 107 (2d Cir. 1999).  The court

therefore construes Plaintiff's claims as raised under the

Fourteenth, rather than the Eighth, Amendment.

In *Seaton*, the court held that an inmate had no privacy

right in preventing the disclosure of his mental health records

to the district attorney's office, when the State sought the

inmate's commitment under California's Sexually Violent Predator

Act.  610 F.3d at 541.  The court stated that, to the extent an

---

[2] In concurring, Justice Scalia opined that "[a] federal
constitutional right to 'informational privacy' does not exist."
*Id.* at 764.

inmate's medical records are disclosed "while he [is] in prison
serving his sentence" and the disclosure was "for a penological
purpose relating to his imprisonment," any "privacy right he has
may be overridden for legitimate penological reasons." *Id.*
Examples of such "substantial" penological interests are a
prison's need "to protect prison staff and other prisoners from
communicable diseases and violence, and to manage rehabilitative
efforts." *Id.* at 535.

**C.    Warden Patterson**

Patterson has a legitimate penological interest in
knowing which WCCC prisoners have communicable diseases such as
AIDS, so that prison officials may take appropriate steps to
prevent prison staff and inmates from unwarranted exposure to it.
That interest is not so readily apparent in his alleged
disclosure of this information to Ancheta.  It may come forth
that Patterson had a legitimate penological reason to disclose
Plaintiff's condition to Ancheta, such as institutional security,
or to protect Ancheta and other prisoners from Plaintiff's
communicable disease, or that this disclosure never occurred.  At
this stage, however, Plaintiff has stated a claim for the
violation of her right to privacy regarding Patterson's alleged
disclosure of her medical information to Ancheta.

//

//

### 1. *Patterson is Named in His Official Capacity Only*

In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, (1989), the Supreme Court held that states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits under 42 U.S.C. § 1983. 491 U.S. at 664-66. Further, the Eleventh Amendment prohibits federal jurisdiction over suits against the state or a state agency unless the state or agency consents to the suit. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 53 (1996); *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984); *Quern v. Jordan*, 440 U.S. 332, 342 (1979). State officers acting in their official capacities receive the same immunity as the government agency that employs them. *Hafer v. Melo*, 502 U.S. 21 (1991).

Thus, the Eleventh Amendment bars Plaintiff's claims for damages from Patterson in his official capacity. *See Doe v. Lawrence Livermore Natl. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Eaglesmith v. Ward*, 73 F.3d 857, 859 (9th Cir. 1996); *Pena v. Gardner*, 976 F.2d 469, 472 (1992). Because Plaintiff names Patterson in his official capacity only, and Patterson is immune from suit in his official capacity for damages claims against him, claims against Patterson are DISMISSED, with leave granted to amend.

//

## D.   Ancheta

Plaintiff alleges that Ancheta is a volunteer hula teacher at WCCC and personal friend of Patterson's.  Section 1983, however, does not generally apply to the conduct of private parties.  *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003); *see also Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991); 42 U.S.C. § 1983.  "The state-action element in § 1983 'excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'"  *Caviness v. Horizon Comty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

Private individuals act under color of state law only when their conduct is fairly attributable to the State.  *Lugar v. Edmundson Oil Co., Inc.*, 457 U.S. 922, 937 (1982).  To be considered as acting under color of state law, "the defendant . . . [must] have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  *West*, 487 U.S. at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).  The court should presume that conduct by private actors is not state action, however, and the plaintiff bears the burden of establishing that a defendant was acting under color of state

law.  *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916,

922 (9th Cir. 2011)(citations omitted).

The court employs a two-part test to determine whether

private action is fairly attributable to the state.  *See Florer,*

639 F.3d at 922.  "First, the deprivation must be caused by the

exercise of some right or privilege created by the State or by a

rule of conduct imposed by the state or by a person for whom the

State is responsible."  *Lugar*, 457 U.S. at 937.  "Second, the

party charged with the deprivation must be a person who may

fairly be said to be a state actor."  *Id.*

Plaintiff pleads no facts showing that Ancheta acted in

furtherance of an official prison or state policy when she

discussed Plaintiff's medical condition, rather, Plaintiff

alleges that Ancheta violated such policies.  Plaintiff therefore

fails to show that Ancheta's misguided discussion with other

inmates was the *result* of a governmental policy, and thus, fairly

attributed to the state.  *See Florer*, 639 F.3d at 922 (citing

*Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th

Cir. 1999)) (further citations omitted).

Even if Ancheta's conduct satisfied *Lugar's* first step,

it fails the second: whether Ancheta can be fairly considered a

state actor.  *See Florer*, 639 F.3d at 923.  "[F]or private

conduct to constitute governmental action, 'something more' must

be present."  *Sutton*, 192 F.3d at 835.  "State action may be

found if, though only if, there is such a close nexus between the
State and the challenged action that seemingly private behavior
may be fairly treated as that of the State itself." *Villegas v.
Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 955 (9th Cir. 2008)
(*en banc*) (citing *Brentwood Acad. v. Tenn. Secondary Sch.
Athletic Ass'n*, 531 U.S. 288, 295 (2001)).  The Ninth Circuit
Court of Appeals utilizes four tests to identify when private
conduct is fairly attributable to the state: "(1) public
function; (2) joint action; (3) governmental compulsion or
coercion; and (4) governmental nexus."  *Kirtley*, 326 F.3d at 1092
(quotation omitted).

### 1.   *No Public Function*

Under the public function test, a private actor's
conduct qualifies as state action where the private actor is
endowed with state powers or functions that are traditionally and
exclusively governmental in nature.  *Kirtley*, 326 F.3d at 1092.
A volunteer hula teacher at a prison does not perform a function
exclusively and traditionally performed by the state.  *See
Caviness*, 590 F.3d at 814 (holding that the provision of
educational services by a publicly funded charter school "is not
a function that is traditionally and exclusively the prerogative
of the state"); *see also Rendell-Baker v. Kohn*, 457 U.S. 830, 838
(1982) (holding that a private school that was almost wholly
state-funded was not a state actor for purposes of § 1983).

## 2. No State Compulsion

The compulsion or coercion test considers whether the state has coercively influenced or significantly encouraged the private conduct. *Kirtley*, 326 F.3d at 1094. Plaintiff alleges that Patterson and Ancheta violated state prison policies, thus there was no official governmental compulsion influencing Ancheta's discussion of Plaintiff's medical condition. *See Gorenc v. Salt River Project Agric. Improvement & Power Dist.*, 869 F.2d 503, 508 (9th Cir. 1989).

## 3. No Joint Action

A private individual may also "be liable under § 1983 if she conspired or entered joint action with a state actor." *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (quoting *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002)). The court must determine whether "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity. This occurs when the state knowingly accepts the benefits derived from the unconstitutional behavior." *Kirtley*, 326 F.3d at 1093 (citation omitted).

To state a viable conspiracy claim under § 1983, however, "the plaintiff must [allege] specific facts to support the existence of the claimed conspiracy." *Burns v. Co. of King*, 883 F.3d 819, 821 (9th Cir. 1989) (citation omitted). To do so,

12

"a plaintiff must demonstrate the existence of an agreement or meeting of the minds" to violate constitutional rights." *Crowe*, 593 F.3d 841, 875 (citation and quotation marks omitted). "

Plaintiff's allegations regarding what transpired between Patterson and Ancheta are vague and conclusory and, for that reason alone, must be dismissed. *See Degrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) (stating that "a bare allegation of . . . joint action will not overcome a motion to dismiss" (citation and quotation marks omitted)); *Price*, 939 F.2d at 707-08 (stating that "[c]onclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act" (citation and quotation marks omitted, modifications in original).).

Moreover, Plaintiff does not allege a conspiracy between Patterson and Ancheta to deprive her of her constitutional rights, nor does she identify what benefit they or the State received from divulging her medical information. Plaintiff simply alleges that Patterson divulged her medical condition to his friend, Ancheta, and Ancheta told her students. This is more indicative of simple gossip than it is of a conspiracy to deprive Plaintiff of her constitutional rights. These facts do not suggest the level of interdependence sufficient to support a § 1983 conspiracy under a joint action theory.

### 4. *General Nexus*

Finally, the more general nexus test "asks whether 'there is such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself.'" *Kirtley*, 326 F.3d at 1094–95 (quoting *Brentwood*, 531 U.S. at 295). The discussion of the joint action test is equally applicable to the general nexus test. Simply because Ancheta, in her position as a volunteer at the prison, revealed Plaintiff's medical condition to others, information she received based on her personal relationship as Patterson's friend, does not create a sufficiently close nexus to the State to treat her as a state actor. These facts do not establish that the State participated in Ancheta's decision to reveal Plaintiff's medical condition, and Plaintiff's claims against Ancheta must be dismissed. *See Gorenc*, 869 F.2d at 506.

**D.  Leave to Amend**

The Complaint is DISMISSED as discussed above. Plaintiff may file a proposed amended complaint on or before **January 31, 2012**. The proposed amended complaint must cure the deficiencies noted above and demonstrate how the conditions complained of resulted in a deprivation of her federal constitutional or statutory rights.

The court will not refer to the original pleading to make any amended complaint complete. Local Rule 10.3 requires

that an amended complaint be complete in itself without reference to any prior pleading.  Defendants not named and claims not realleged in an amended complaint are deemed waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Furthermore, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  In an amended complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

**IV.   CONCLUSION**

IT IS HEREBY ORDERED that:

(1)   The Complaint is DISMISSED for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).

(2)  Plaintiff is GRANTED leave to file a proposed amended complaint curing the deficiencies noted above by **January 31, 2012**.  Failure to timely amend the Complaint and cure its pleading deficiencies will result in dismissal of this action for failure to state a claim, and may be counted as strike pursuant to 28 U.S.C. § 1915(g).

(3)  The Clerk of Court is directed to mail a form prisoner civil rights complaint to Plaintiff so that she may comply with the directions in this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 29, 2011.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Kaeo-Tomaselli v. Patterson, et al.,* Civ. No. 11-00764 LEK-BMK, Order Dismissing
Complaint With Leave Granted to Amend; psa/Screening/dmp/ 2011/Tomaselli 11-764 LEK
(dsm ftsc lv amd)